UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MATTHEW M.,[1] | : | Case No. 3:18-cv-32 |
| Plaintiff, | : | |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# DECISION AND ENTRY

This case is before the Court upon Plaintiff's Motion for Attorney Fees (Doc. #16), Plaintiff's Response to Show Cause Order (Doc. #19), and the Commissioner's Response (Doc. #20).

Plaintiff's Motion seeks an award of attorney fees under 42 U.S.C. § 406(b)(1) in the total amount of $17,631.03. (Doc. #16, *PageID* #1675). The Commissioner neither supports nor opposes either Plaintiff's award of attorney fees or Plaintiff's requested amount, and "defers to the Court's discretion" regarding the timeliness of Plaintiff's Motion. (Doc. #20, *PageID* #s 1697-98).

*Timeliness of Plaintiff's Motion*

The Court issued an Order to Show Cause requiring Plaintiff's counsel to show cause for his late filing for attorney fees under S.D. Ohio Civ. R. 54.2(b). (Doc. #17). Pursuant to S.D. Ohio Civ. R. 54.2(b), "An attorney seeking fees awarded under 42 U.S.C. §§ 406(b) or 1383(d) of the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. See also S.D. Ohio General Rule 22-01.

Social Security Act must file a motion for fees no later than 45 days after entry of judgement or the date shown on the face of the social security certificate award (notice of award), whichever is later." *Id*.

In Plaintiff's Response to Show Cause Order, Plaintiff's counsel indicates that he "waited for the final disposition of the § 406(a) petition at the administrative level to ensure the combined fee would not exceed 25% of past due benefits." (Doc. #19, *PageID* #1696). Plaintiff's counsel asserts his filing for fees at the administrative level was within sixty days of his receipt of "the October 22, 2022 Notice of Change of Benefits issued by the agency (the functional equivalent of the Notice of Award)." *Id*. Furthermore, Plaintiff's counsel awaited a determination on the § 406(a) fee award to file his § 406(b) petition, as a § 406(b) petition would be unnecessary if the agency "[had] approved the full 25% requested at [the administrative] level." *Id*. Upon receiving the Regional Chief Administrative Law Judge's May 30, 2023 fee order, Plaintiff's counsel was on notice to file a subsequent § 406(b) petition with this Court. *Id*.

The Commissioner asserts that "the Regional Chief Administrative Law Judge awarded counsel a fee of $20,000 by order dated May 18, 2023." (Doc. #20, *PageID* #1698). While the Commissioner acknowledges Plaintiff's explanation that a § 406(b) petition would not have been filed if 25% of past due benefits had been awarded at the administrative level, he states that "it would have been preferable for counsel to seek an extension of time to file a potential § 406(b) petition from this Court shortly after receiving the notice of award. The Commissioner would not have opposed that motion." *Id*. at 1699.

Plaintiff's counsel filed his Motion for Attorney Fees with this Court on October 11, 2023. (Doc. #16). Using the date most favorable to Plaintiff's position, May 30, 2023,[2] Plaintiff's

---

[2] If calculated from the October 22, 2022 Notice of Change of Benefits, Plaintiff's Motion would be 310 days late. *See* S.D. Ohio Civ. R. 54.2(b). Using the Commissioner's date for the Regional Chief Administrative Law Judge's award of May 18, 2023, Plaintiff's Motion would be 102 days late. (Doc. #20, PageID #1698).

2

Motion is still 90 days late under the 45-day deadline of S.D. Ohio Civ. R. 54.2(b). Nevertheless, the Court may equitably toll the filing period. In determining whether a party should be entitled to equitable tolling, the Court considers the following: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453-54 (6th Cir. 2018).

In this case, Plaintiff's counsel does not allege lack of notice of the filing requirement, lack of constructive knowledge of the filing requirement, or ignorance of the legal requirement for his claim. (Doc. #19). Therefore, Plaintiff's counsel's diligence in pursuing his rights and the absence of prejudice to Plaintiff[3] are the equitable tolling factors the Court must consider. *Hayes*, 895 F.3d at 453-54. While Plaintiff's counsel, by one metric, is nearly a year late in filing, judges in this district have equitably tolled a motion for attorney fees for a similar period, when counsel has not demonstrated a pattern of late filings. *See Rabong v. Comm'r of Soc. Sec.*, No. 1:14-cv-811, 2018 WL 286166, at *1-2 (S.D. Ohio Jan. 4, 2018) (Bowman, M.J.), *report and recommendation adopted*, 2018 WL 558918 (S.D. Ohio Jan. 25, 2018) (Dlott, D.J.) (equitably tolling a motion for attorney fees that was 299 days late under S.D. Ohio Civ. R. 54.2(b)). While deferring to the Court's discretion on the timeliness issue, the Commissioner notes that he "is *not* aware of any pattern of late § 406(b) filings by [Plaintiff's counsel]." (Doc. #20, *PageID* #1699). Accordingly,

---

[3] As Plaintiff's Motion involves attorney fees that draw from Plaintiff's past due benefits, the Commissioner is not the party that might be prejudiced, but rather Plaintiff. Regarding prejudice to the Plaintiff, the Commissioner mentions that there are many ways that a late § 406(b) filing "might prejudice a beneficiary, but there is only one that is potentially relevant" in this case. (Doc. #20, *PageID* #1699). The Commissioner offers that Plaintiff "may receive additional funds after fees have been set due to a reduction in the windfall offset," but also indicates that "determining whether this will happen—and the additional amount involved—requires knowledge of the fee amount in question." *Id*. While the Commissioner roughly estimates a potential figure, based on the facts currently before the Court, this "potentially relevant" prejudice is too speculative to weigh against equitable tolling.

3

the Court will equitably toll the filing requirements under S.D. Ohio Civ. R. 54.2(b) for Plaintiff's counsel on <u>this one occasion</u>.

*Reasonableness of Plaintiff's Attorney Fees' Request*

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* U.S.C. §§ 406(b)(1), 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the [Plaintiff] receives as a result of the appeal. *Id*. Furthermore, the attorney requesting a fee award must show, and the Court must affirmatively find, that the contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S., at 807. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

4

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, Plaintiff's counsel's itemized statement indicates that he, spent a total of 41.5 hours[4] representing Plaintiff before this Court. (Doc. #16, *PageID* #1684).

Plaintiff's counsel requested a fee of $ 17,631.03. (Doc. #16, *PageID* #1675). Once the fee is divided by the 41.5 hours spent working on the case, the hypothetical hourly rate is $424.84,[5] a rate the Commissioner neither supports nor opposes. *Id*. at 1677; (Doc. #20, *PageID* #1698).

Plaintiff's counsel did not provide his standard hourly rate. In the absence of counsel's standard hourly rate, judges within this district have assessed whether the hypothetical hourly rate falls within a range of rates previously found reasonable. *See Joseph F. v. Comm'r of Soc. Sec.*, No. 1:17-cv-57, 2024 WL 1477384, at *3 (S.D. Ohio Apr. 5, 2024) (Litkovitz, M.J.), *report and recommendation adopted*, 2024 WL 1719595 (S.D. Ohio Apr. 22, 2024) (Barrett, D.J.); *Lee v. Comm'r of Soc. Sec.*, No. 3:14-cv-291, 2018 WL 2999909, at *4 (S.D. Ohio June 15, 2018) (Rice, D.J.). Counsel's hypothetical hourly rate of $424.84 fits comfortably within the range of fees that judges in this district have found reasonable. *See Robin A. v. Comm'r of Soc. Sec.*, No. 1:20-cv-555, 2022 WL 12929999, at *2 (S.D. Ohio Oct. 22, 2022) (Litkovitz, M.J.), *report and recommendation adopted*, 2022 WL 17253586 (S.D. Ohio Nov. 28, 2022) (McFarland, D.J.) ($414.88 hypothetical hourly rate); *Paul Q. v. Comm'r of Soc. Sec.*, No. 2:19-cv-456, 2023 WL 10669454, at *2 (S.D. Ohio Aug. 11, 2023) (Deavers, M.J.) ($450.00 hypothetical hourly rate);

---

[4] Plaintiff's counsel provided conflicting information regarding the total number of hours. In Plaintiff's memorandum, he indicates that he spent a total of 35.5 hours but, in the itemized statement, he listed the total as 41.25 hours. (Doc. #16, *PageID* #s 1677, 1682, 1684). However, addition of the time entries in Plaintiff's itemized statement reflects 41.5 hours. *Id*. at 1684. Therefore, the Court will calculate Plaintiff's hypothetical hourly rate with the 41.5-hour-figure.

[5] While Plaintiff's counsel calculates $496.00 as the hypothetical hourly rate, this calculation stems from inputting 35.5 hours; after inputting 41.5 hours, $424.84 is the hypothetical hourly rate.

*Patsy G. v. Comm'r of Soc. Sec.*, No. 1:20-cv-684, 2023 WL 1778515, at *2 (S.D. Ohio Feb. 6, 2023) (Litkovitz, M.J.) ($454.50 hypothetical hourly rate). Moreover, the time devoted by Plaintiff's counsel to this matter is likewise reasonable. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, M.J.), *report and recommendation adopted*, 940 F.Supp. 2d 647 (S.D. Ohio 2013) (Rice, D.J.) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours."). Counsel's requested fee is therefore reasonable.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion for Attorney Fees filed by Plaintiff's counsel (Doc. #16) is **GRANTED**;

2. Plaintiff's counsel shall be awarded attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $17,631.03;

3. Plaintiff's counsel is forewarned that any future untimely filing of a § 406(b) motion, in violation of S.D. Ohio Civ. R. 54.2(b), is likely to result **in a significant reduction or an outright denial of any statutory fee**;

4. The case remains terminated on the docket of this Court.

July 15, 2024                               *s/Peter B. Silvain, Jr.*
                                            Peter B. Silvain, Jr.
                                            United States Magistrate Judge